FILED

10 JUL -6 AM 11: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  DEMERY RYAN, Bar No. 217176
     dryan@littler.com
2  SHAHRAM SAMIE, Bar No. 268025
     ssamie@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  2049 Century Park East
   5th Floor
5  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
6  Facsimile:  310.553.5583
   E-mail: dryan@littler.com
7
   Attorneys for Defendants
8  CHRISTIAN LASSEN, and LASSEN
   INTERNATIONAL, INC.
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  KEN KING, an individual,                Case No. CV10 4941-SVW (FFMx)

13          Plaintiff,

14  v.                                      **NOTICE TO FEDERAL COURT OF
                                            REMOVAL OF CIVIL ACTION
15  CHRISTIAN LASSEN, an individual;        FROM STATE COURT**
    LASSEN INTERNATIONAL, INC., a
16  corporation, and DOES 1-50, inclusive,

17          Defendant.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   TO: THE CLERK OF THE UNITED STATES DISTRICT COURT,

2   CENTRAL DISTRICT OF CALIFORNIA:

3   PLEASE TAKE NOTICE that DEFENDANTS CHRISTIAN LASSEN

4   and LASSEN INTERNATIONAL, INC. ("Defendants") hereby remove the above-

5   entitled action from the Superior Court of the State of California for the County of Los

6   Angeles to the United States District Court for the Central District of California

7   pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446.  This removal is based upon

8   diversity of citizenship between the parties.

9                              **GENERAL INFORMATION**

10  In support of this Notice of Removal, Defendants state as follows:

11  1.    On April 30, 2010, Plaintiff Ken King ("Plaintiff") commenced

12  this action by filing a Complaint in the Superior Court of the State of California,

13  County of Los Angeles, which is entitled KEN KING, an individual Plaintiff, v.

14  CHRISTIAN LASSEN, an individual; LASSEN INTERNATIONAL INC., a

15  corporation, and DOES 1-50, inclusive Defendants, and designated Los Angeles

16  Superior Court Case No. SC107812.

17  2.    On June 7, 2010, Plaintiff personally provided identical copies of

18  the Summons and Complaint at Defendant Lassen International Inc.'s ("Lassen

19  International")'s business headquarters in Paia, Hawaii, and at the San Clemente,

20  California office of Defendant Lassen International's certified public accountant, a

21  non-employee third party vendor to Lassen International.  Although Defendants do not

22  concede that these actions satisfy the service requirements under California, Hawaii,

23  or federal law, Defendants accept service of the Summons and Complaint as of June 7,

24  2010.   True and correct copies of the Summons and Complaint received by

25  Defendants are attached hereto as Exhibit 1.  Exhibit 1 constitutes true and correct

26  copies of all process, pleadings and orders served on Defendants in this action.

27  Defendants have not previously filed any process or pleadings in this action.

28  This removal is timely because it is filed within thirty days from the date

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

1.

1    Defendants received the pleadings from which they could first determine this action is
2    removable and within one year from the commencement of this action.  28 U.S.C. §
3    1446.

4                    **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

5           3.    This Court has jurisdiction over this action because complete
6    diversity of citizenship between citizens of different states exists and the matter in
7    controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S. C. §
8    1332(a).

9           4.    Complete diversity of citizenship exists between the parties
10   because:

11          a.    Plaintiff asserts that he resides in California.  (See
12   Complaint ¶1.)  Defendants are informed and believe and on that basis allege that
13   Plaintiff is, and was at the time this action was commenced, a citizen of the State of
14   California.

15          b.    Defendant Christian Lassen is, and was at the time this
16   action was commenced, a citizen of the State of Hawaii.  (See Declaration of Christian
17   Lassen ["Lassen Dec."], ¶2; Complaint ¶2.)  Christian Lassen has maintained his
18   primary residence in Hawaii since he was 11 years old, has the intention to continue to
19   live in Hawaii indefinitely, has paid Hawaiian state income taxes at every job he's
20   had, has a Hawaii-issued driver's license and maintains over 99% of his assets in the
21   State of Hawaii.  (Lassen Dec., ¶¶3-7.)

22          c.    Lassen International is, and was at the time this action was
23   commenced, a corporation organized and formed under the laws of the State of
24   Nevada.  (Lassen Dec. ¶8; Complaint ¶3.)

25          d.    Lassen International's principal place of business is in the
26   state of Hawaii because Lassen International's center of direction, control, and
27   coordination is in Hawaii.  (Lassen Dec. ¶9.)

28          e.    For diversity purposes a corporation is a citizen of both the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

2.

1   state where it is incorporated and the state where it maintains its principal place of

2   business, with the corporation's principal place of business determined by the location

3   of its headquarters or "nerve center." Miller v. Swiss Re Underwriters Agency, Inc.,

4   2010 US Dist. LEXIS 35858, at *1-2 (C.D. Cal. Mar. 15, 2010), citing Hertz Corp. v.

5   Friend, 130 S. Ct. 1181, 175 L. Ed. 2d 1029, 2010 WL 605601, at *11-13 (U.S. 2010).

6   Under Hertz, a corporation's principal place of business is where a corporation's

7   officers direct, control, and coordinate the corporation's activities.  Lassen

8   International's business activities – including decisions on whether to enter into

9   licensing contracts for copyright art and the terms of those contracts, whether to enter

10  into sales agreements for copyrighted art and the terms of those contracts, and direct

11  internet sales of artworks – are coordinated in Paia, Hawaii at the direction and under

12  the control of Christian Lassen, who is Lassen International's sole officer.  (Lassen

13  Dec., ¶¶8-10.)

14          f.        Thus, pursuant to 28 U.S.C. §1332(c), Defendant Lassen

15  International, Inc. is and has been at all material times a citizen of the states of Nevada

16  and Hawaii.

17          5.     The only other defendants in this action are fictitious.  Pursuant to

18  28 U.S.C. §1441(a), their citizenship must be disregarded for purposes of removal.

19  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20          6.     This action is a civil action where the matter in controversy

21  exceeds the sum of $75,000, exclusive of interest and costs.  The Complaint does not

22  state the total amount of damages that Plaintiff seeks, but does assert that Plaintiff

23  seeks damages of at least $200,000 for Plaintiff's unpaid wages claim alone.

24  Accordingly, based on the nature of Plaintiff's claims and the allegations in his

25  Complaint, the amount at issue is well in excess of $75,000.

26          7.     Even looking only at the claims and allegations on the face of the

27  Complaint, the amount in controversy is in excess of $75,000.  The Complaint alleges

28  that Defendants owe Plaintiff "in excess of $200,000" in unpaid wages, before interest

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

3.

1    and other statutory damages, for unpaid hours allegedly worked.  (See Complaint, ¶7.)

2          8.     In addition, Plaintiff is seeking punitive damages.  Punitive

3    damages should be considered when determining the amount in controversy.  See,

4    Faulkner v. Astro-Med, Inc., 1999 US Dist. LEXIS 15801, at *5 (N.D. Cal. Oct. 1,

5    1999); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001); Romo v. FFG

6    Insurance Co., 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005).

7          9.     Therefore, the total amount of monetary relief based on the

8    allegations in the Complaint is easily in excess of the $75,000 statutory requirement.

9    Additional amounts for the wrongful termination and retaliation claims also should be

10   considered in determining the amount in controversy in this action.

11         10.   Plaintiff's Complaint also seeks an award of attorneys' fees.  (See

12   Complaint, Prayer for Relief ¶7.)  It is well-settled that in determining whether a

13   complaint meets the amount in controversy requirement, the Court should consider

14   attorneys' fees.  See, e.g., Bell v. Preferred Life, 320 U.S. 238 (1943); Goldberg v.

15   C.P.C. Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken

16   into account to determine jurisdictional amounts).

17         As indicated above, with or without taking into account reasonable

18   attorneys' fees, the amount in controversy in this action easily exceeds $75,000.

19         11.   This action, therefore, is a civil action of which this Court has

20   original jurisdiction under 28 U.S.C. §1332(a) and which may be removed to this

21   Court by Defendants pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446 because it is

22   a civil action where the matter in controversy exceeds the sum of $75,000, exclusive

23   of interest and costs, because it is between citizens of different States, and because

24   Defendants are not citizens of the State in which this action was brought.

25                    **NOTICE TO COURT AND PLAINTIFF**

26         12.   Contemporaneously with the filing of this Notice of Removal in

27   the United States District Court for the Central District of California, written notices

28   of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

1  this Notice of Removal will be filed with the Clerk of the Superior Court for the State

2  of California for the County of Los Angeles.

3         13.  Wherefore, having provide notices as required by law, the above-

4  entitled action is hereby removed from the Superior Court for the State of California

5  for the County of Los Angeles to the United States District Court for the Central

6  District of California.

7  Dated:  July  6 , 2010

8

9  _____

10  DEMERY RYAN
   SHAHRAM SAMIE
11  LITTLER MENDELSON
   A Professional Corporation
   Attorneys for Defendants
12  CHRISTIAN LASSEN AND LASSEN
   INTERNATIONAL, INC.

13

14  Firmwide:96042097.2 065793.1001

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHRISTIAN LASSEN, an individual; LASSEN INTERNATIONAL,
INC., a corporation; and DOES 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEN KING, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del caso):*<br>**SC107812** |

SUPERIOR COURT OF CALIFORNIA, WEST DISTRICT, 1725
MAIN STREET, SANTA MONICA, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Paul J. Wright, Esq., 24955 Pacific Coast Hwy., #C302, Malibu, CA 90265, (310) 456-3812

| DATE: | JOHN A. CLARKE | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | **APR 30 2010** | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Lassen International, INC., A Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

1  **PAUL J. WRIGHT, CSB No. 146809**
   Attorney At Law
2  24955 Pacific Coast Highway, Suite C-302
   Malibu, California 90265
3  Telephone (310) 456-3812
   Facsimile (310) 456-8558
4

5  Attorney for Plaintiff,
   **KEN KING, an individual**
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF LOS ANGELES**

10                       **UNLIMITED JURISDICTION**

11                                               **SC107812**

12  **KEN KING, an individual**          )   **CASE NO.**
                                         )
13            Plaintiff,                 )   **COMPLAINT FOR WRONGFUL**
                                         )   **TERMINATION, VIOLATION OF**
14  v.                                   )   **LABOR CODE SECTION 203, ET.**
                                         )   **SEQ., AND RETALIATION**
15  **CHRISTIAN LASSEN, an individual;** )
    **LASSEN INTERNATIONAL INC., a**     )
16  corporation, and DOES 1-50 inclusive )   CASE MANAGEMENT CONFERENCE
                                         )   AUG 1 9 2010
17           Defendants.                 )
                                         )   Date
18

19

20  Plaintiff alleges:

21                       **FIRST CAUSE OF ACTION**

22                       **(Wrongful Termination)**

23       1.    Plaintiff, **KEN KING** (hereinafter referred to as "Plaintiff"), is an individual

24  residing in the City and County of Los Angeles, California.

25

26  **COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE**
               **SECTION 203, ET SEQ., RETALIATION**
27

28                                -1-

2.     Plaintiff is informed and believes that at all times herein mentioned, Defendant **CHRISTIAN LASSEN** (hereinafter referred to as "Defendant") is an individual residing in the cities of Haleiwa and Honolulu, Hawaii.

3.     Plaintiff is informed and believes that at all times herein mentioned, Defendant LASSEN INTERNATIONAL, INC., is a Nevada foreign corporation with its principal place of business located at 8363 W. Sunset Road, Suite 300, Las Vegas, Nevada 89113.

4.     Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant", "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

5.     Plaintiff is informed and believes and thereon alleges that Defendant LASSEN INTERNATIONAL, INC., was, and is, a mere sham and shell organized and operated as the alter ego of the individual Defendant, CHRISTIAN LASSEN ("Individual Defendant") for their personal benefit and advantage. Plaintiff is informed and believes and thereon alleges that the Individual Defendant and Defendant LASSEN INTERNATIONAL, INC. have so intermingled their personal and financial affairs that the corporate Defendant LASSEN INTERNATIONAL, INC. was, and is, the alter ego of CHRISTIAN LASSEN, an individual. The Individual Defendant has at all material times herein exercised total dominion and control over Defendant

**COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE SECTION 203, ET SEQ., RETALIATION**

1 LASSEN INTERNATIONAL, INC. An injustice will result if the theoretical entity of LASSEN

2 INTERNATIONAL, INC. is not disregarded and the Individual Defendant is not held liable for

3 the acts of LASSEN INTERNATIONAL, INC.

4       6.     In or about November, 2008, Plaintiff Ken King commenced full time

5 employment for Defendant, Christian Lassen and Defendant Lassen International, Inc.

6 (hereinafter collectively referred to as Defendant Lassen") for the agreed amount of $3500 per

7 month for a forty (40) hour work week. In addition, it was agreed that Plaintiff would reside in

8 an apartment owned by Defendant Lassen which had a value of $1,500 per month as part of his

9

10 compensation.

11       7.     Over a period of eleven (11) months before Plaintiff was wrongfully terminated,

12 he was forced to work massive amounts of overtime to the extent that he worked a total of

13 3,326.5 hours but was only paid for 880 hours. Accordingly, 2,446.50 hours were unpaid to

14 Plaintiff. Plaintiff should have been paid at the statutory rate. The unpaid hours of time owed

15 to Plaintiff amounts to in excess of $200,000 before interest and other statutory damages.

16

17       8.     As set forth hereinbelow, Plaintiff was forced to endure humiliation, derogation,

18 and the following harassing and retaliatory conduct by Defendant Lassen:

19       (1)    Defendant repeatedly addressed Plaintiff as "honey", "girl", "sweetie",

20           "dick", and other derogatory names;

21       (2)    Defendant constantly mocked Plaintiff as "his Gay assistant";

22       (3)    On many occasions, Defendant would walk around in his underwear

23           asking Plaintiff to do things for him, and on some occasions, he was also

24

25           nude;

26 **COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE**

27 **SECTION 203, ET SEQ., RETALIATION**

28 -3-

(4)     Plaintiff was required to pick up girls on a regular basis for Defendant's use whereupon Defendant paid them monies owed to Plaintiff.

(5)     The last two times Plaintiff's daughter came to visit Plaintiff, Defendant terminated Plaintiff and locked him out of the residence.

(6)     Plaintiff was forced to work a massive amount of overtime and was often not able to eat during the day, always worked more than an 8 hour day, more like 12-18 hours and was never given any time off, nor was Plaintiff able to eat during the day. Defendant would go eat and Plaintiff had to sit in the car and wait for him.

(7)     Defendant never paid Plaintiff overtime and never paid his unemployment insurance, medical insurance, or any benefits.

9.     Before Plaintiff's wrongful termination, Plaintiff confronted Defendant Lassen with regard to passing of Defendant Lassen's paintings as original art by Defendant Lassen when, in fact, Defendant Lassen was hiring painters to paint the art and then signing the artwork as an original by Defendant Lassen. Plaintiff also confronted Defendant Lassen regarding his constant sex with under-aged girls and his use of alcohol to make them compliant to his conduct. Defendant Lassen's behavior in terminating Plaintiff  and the discrimination Defendant evidenced against Plaintiff because of his sexual orientation, and against Plaintiff's daughter, were also inappropriate, wrong and harassing.

10.     Plaintiff worked up to 18 hours a day, 7 days a week during the 11 months of his employment. Defendant Lassen failed to compensate Plaintiff for the overtime he worked in

violation of Labor Code Section 203, et seq. Instead when Plaintiff confronted Defendant regarding his conduct and insisted he be properly paid for the many hours of overtime at the appropriate rate, Defendant responded by terminating Plaintiff.

11.     As a proximate result of the wrongful termination and the conduct of Defendants, and each of them, Plaintiff has been damaged in an amount that will be proved at Trial which amount is in excess of the jurisdictional minimum of this Court.

12.     Defendants, and each of their conduct was willful, intentional and/or malicious, entitling Plaintiff to punitive damages in an amount that will deter Defendants, and each of them, from such future conduct.

### SECOND CAUSE OF ACTION

### (Violation of Labor Code Section 203, et seq.)

13.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 hereinabove as though fully set forth herein.

14.     Before Plaintiff's wrongful termination, Plaintiff confronted Defendant Lassen with regard to passing of Defendant Lassen's paintings as original art by Defendant Lassen when, in fact, Defendant Lassen was hiring painters to paint the art and then signing the artwork as an original by Defendant Lassen. Plaintiff also confronted Defendant Lassen regarding his constant sex with under-aged girls and his use of alcohol to make them compliant to his conduct. Defendant Lassen's behavior in terminating Plaintiff and the discrimination Defendant evidenced against Plaintiff because of his sexual orientation, and against Plaintiff's daughter, were inappropriate, wrong and harassing.

**COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE SECTION 203, ET SEQ., RETALIATION**

-5-

15.     Plaintiff worked up to 18 hours a day, 7 days a week during his 11 months of employment. Defendant Lassen failed to compensate Plaintiff for the overtime he worked in violation of Labor Code Section 203, et seq. Instead when Plaintiff confronted Defendant regarding his conduct and insisted he be properly paid for the many hours of overtime at the appropriate rate, Defendant responded by terminating Plaintiff.

16.     As a proximate result of the wrongful termination and the conduct of Defendants, and each of them, Plaintiff has been damaged in an amount that will be proved at Trial which amount is in excess of the jurisdictional minimum of this Court which includes but is not limited to the payment of overtime with penalties thereon.

## THIRD CAUSE OF ACTION

### (Retaliation)

17.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 hereinabove as though fully set forth herein.

18.     Before Plaintiff's wrongful termination, Plaintiff confronted Defendant Lassen with regard to passing of Defendant Lassen's paintings as original art by Defendant Lassen when, in fact, Defendant Lassen was hiring painters to paint the art and then signing the artwork as an original by Defendant Lassen. Plaintiff also confronted Defendant Lassen regarding his constant sex with under-aged girls and his use of alcohol to make them compliant to his conduct. Defendant Lassen's behavior in terminating Plaintiff and the discrimination Defendant evidenced against Plaintiff because of his sexual orientation, and against Plaintiff's daughter, were inappropriate, wrong and harassing.

COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE
SECTION 203, ET SEQ., RETALIATION

-6-

19.  Plaintiff worked up to 18 hours a day, 7 days a week during his 11 months of employment.  Defendant Lassen failed to compensate Plaintiff for the overtime he worked in violation of Labor Code Section 203 et seq.  Instead when Plaintiff confronted Defendant regarding his conduct and insisted he be properly paid for the many hours of overtime at the appropriate rate, Defendant responded by retaliating and terminating Plaintiff.

20.  As a proximate result of the retaliation and wrongful termination and the conduct of Defendants, and each of them, Plaintiff has been damaged in an amount that will be proved at Trial which amount is in excess of the jurisdictional minimum of this Court.

21.  Defendants, and each of their conduct was willful, intentional and/or malicious, entitling Plaintiff to punitive damages in an amount that will deter Defendants, and each of them, from such future conduct.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally as follows:

**ON THE FIRST CAUSE OF ACTION**:

1.  For damages in the amount in an amount to be proved at Trial which amount is in excess of the jurisdictional minimum of this Court.

2.  For punitive damages to deter Defendants, and each of them, from any such future conduct.

**ON THE SECOND CAUSE OF ACTION**:

3.  For damages in the amount in an amount to be proved at Trial which amount is in excess of the jurisdictional minimum of this Court.

**COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE SECTION 203, ET SEQ., RETALIATION**

-7-

**ON THE THIRD CAUSE OF ACTION:**

5. For damages in the amount in an amount to be proved at Trial which amount is in excess of the jurisdictional minimum of this Court.

6. For punitive damages to deter Defendants, and each of them, from any such future conduct.

**ON ALL CAUSES OF ACTION:**

7. For attorney's fees and costs of suit herein;

8. For such other and further relief as this Court may deem just and proper.

DATED: April 21, 2010

PAUL J. WRIGHT, ESQ.
Attorney for Plaintiff, Ken King

**COMPLAINT FOR WRONGFUL TERMINATION, VIOLATION OF LABOR CODE SECTION 203, ET SEQ., RETALIATION**

-8-

CASE NO. _____ **SC107812** _____

## NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

~~LISA HART COLE~~                                Department: _____

☐   Santa Monica Courthouse                    ☐   Judge Richard A. Stone
     1725 Main Street                                 Beverly Hills Courthouse
     Santa Monica, CA 90401                           Department WE-X
                                                       9355 Burton Way
                                                       Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

**TIME STANDARDS:** Cases will be subject to processing under the following time standards:

**COMPLAINTS:** All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

**CROSS-COMPLAINTS:** No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

**APPLICABLE RULES:** Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 7 (Trial Court Delay Reduction), Chapter 8 (Civil Trial Procedure), Chapter 9 (Civil Law and Motion), and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:** A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party. (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1) Resolving any discovery disputes and setting a discovery schedule;

(2) Identifying and, if possible, informally resolving any anticipated motions;

(3) Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4) Identifying the facts and issues in the case that are in dispute;

(5) Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6) Determining whether settlement is possible;

(7) Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8) Other relevant matters.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases;

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

-3-

(14)  If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)  The estimated length of trial;

(16)  The nature of the injuries;

(17)  The amount of damages, including any special or punitive damages;

(18)  Any additional relief sought;

(19)  Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)  Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:**  The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines.  Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules.  Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

GERALD ROSENBERG, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -12/1/09

-4-

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
|---|---|

Attorney(s) for:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | **STIPULATION AND ORDER RE BINDING ARBITRATION** |
| DEFENDANT(S). | |
| | Status Conference Date: At_____ a.m. in Department_____ . |

THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____, a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day of_____ , 20___ .

_____
Plaintiff

_____
Attorney for Plaintifff

_____
Defendant

_____
Attorney for Defendant

## ORDER

It is so ordered:

DATE:_____

JUDGE _____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR)

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09)
LASC Approved

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775 15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12 )
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12 )
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141 10-1141 31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250 420 )
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554 )

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (05-09)
LASC Approved

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 4941 SVW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> KEN KING | DEFENDANTS <br> CHRISTIAN LASSEN; LASSEN INTERNATIONAL, INC.; and DOES 1 to 50, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Paul J. Wright, Esq., CSB No. 146809 <br> Attorney At Law <br> 24955 Pacific Coast Highway, Suite C-302 <br> Malibu, CA 90265 <br> 310.456.3812 /310.456.8558 | Attorneys (If Known) <br> Demery Ryan, SBN 217176 <br> Littler Mendelson <br> 2049 Century Park East, 5th Floor <br> Los Angeles, CA 90067 <br> Phone: 310.553.0308 <br> Fax: 310.553.5583 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ 200,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity of Citizenship, 28 U.S.C. 1441 (a) and (b), 28 USC 1446, and 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:    CV10 4741

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc. <br> www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Christian Lassen resides in Hawaii; Lassen International, Inc. is a citizen of Nevada and Hawaii. |

(c)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hawaii |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):    *Demery Ryan*    Date   July 6, 2010

Demery Ryan

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com